UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREA P.,

               Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C24-5037-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by failing to adopt the medical opinion of nurse practitioner Svetlana Vasilkiv, ARNP; and by accepting erroneous job numbers provided by the vocational expert ("VE"). Dkt. 14. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 47 years old, completed a two-year degree in college, and has worked as a school bus driver, a medical shuttle bus driver, and an auto parts counter clerk/auto parts delivery driver. Tr. 80, 95, 111. In February 2021, she applied for benefits, alleging disability as of October 1, 2020. Tr. 111. After plaintiff's applications were denied initially and on reconsideration, the ALJ conducted a hearing in February 2023 and issued a March 2023

decision. Tr. 52–66; 73–110. The ALJ found that plaintiff met the insured status requirements of the Social Security Act through September 30, 2026. Tr. 54. The ALJ determined that plaintiff had engaged in substantial gainful activity while self-employed for a month in 2021 but that there was a continuous 12-month period when plaintiff did not engage in substantial gainful activity. Tr. 54–55. The ALJ found that plaintiff has the severe impairments of lumbar degenerative disc disease; ACL tear and repair surgery; major depressive disorder; generalized anxiety disorder; and insomnia. Tr. 55. The ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 56. The ALJ assessed a residual functional capacity ("RFC") of light work with additional physical, postural, mental, and social limitations. Tr. 58–59. Although determining that plaintiff could not perform any past relevant work, the ALJ found there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Tr. 63–65. The ALJ therefore found that plaintiff was not disabled. Tr. 65. As the Appeals Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–4.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Plaintiff has not demonstrated that the ALJ failed to support the decision with substantial evidence or committed harmful, legal error when evaluating

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 2

1   nurse practitioner Ms. Vasilkiv's opinion and the medical evidence or when relying upon the

2   VE's job numbers testimony.

3        1.   **Opinion of Nurse Practitioner Ms. Vasilkiv**

4        Plaintiff contends that the ALJ's reasons for rejecting nurse practitioner Ms. Vasilkiv's

5   January 2023 opinion did not adequately address the opinion's supportability and consistency.

6   The Court disagrees and finds that plaintiff has not shown that the ALJ failed to rely upon

7   substantial evidence or committed harmful error when evaluating Ms. Vasilkiv's opinion.

8        The ALJ considers the persuasiveness of medical opinions using five factors

9   (supportability, consistency, relationship with claimant, specialization, and other), but

10  supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2),

11  416.920c(b)(2), (c) (2017). The ALJ must explain in the decision how persuasive he or she finds

12  a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors.

13  20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ may, but is not required to, explain

14  how he or she considered the other remaining factors, unless the ALJ finds that two or more

15  medical opinions or prior administrative medical findings about the same issue are both equally

16  well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3),

17  416.920c(b)(3) (2017). Nevertheless, an ALJ cannot reject a doctor's opinion as unsupported or

18  inconsistent without providing an explanation supported by substantial evidence. *Woods v.*

19  *Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

20       On a checkbox form, Ms. Vasilkiv indicated that plaintiff had severe physical and

21  emotional limitations that precluded gainful employment: she would constantly experience pain

22  and other symptoms that would interfere with the attention and concentration needed to perform

23  simple work tasks; was incapable of low-stress jobs; can sit for 5 to 10 minutes before needing to

1  stand up and could stand for 15 minutes before needing to sit down; could stand/walk for less

2  than 2 hours in an 8-hour work day; would need to get up and walk every 10 minutes for about 6

3  to 7 minutes; would need to take 4 to 5 unscheduled breaks for 15 to 20 minutes during an 8-

4  hour work day; would need to elevate her legs to 45 degrees for 50% of the work day; could

5  rarely lift less than 10 pounds and never lift more than 10 pounds; and would miss more than

6  four days of work per month. Tr. 1859–64. The ALJ discounted Ms. Vasilkiv's opinion for the

7  following reasons:

8  >[T]he findings are inconsistent with the medical evidence that
   >indicates no motor deficits, normal gait and 5/5 strength (Exhibits

9  >11F/11 [Tr. 984]; 15F/46 [Tr. 1367] and 16F/75 [Tr. 1452]).
   >Additionally, the opinions are inconsistent with the claimant's

10 >reported activities, which include attending class and caring for her
   >grandchild three days per week (Exhibit 17F [Tr. 1458–1547]).

11 Tr. 63. In doing so, the ALJ cited substantial evidence for discounting the severity of the

12 limitations opined by Ms. Vasilkiv based on the opinion's inconsistency with, and lack of

13 supportability from, the medical record and plaintiff's daily activities. *See, e.g.,* 20 C.F.R.

14 § 1529(c)(2) ("Objective medical evidence . . . is a useful indicator to assist us in making

15 reasonable conclusions about the intensity and persistence of your symptoms and the effect those

16 symptoms, such as pain, may have on your ability to work."); *Molina*, 674 F.3d at 1112–13

17 (noting that an ALJ may discount the claimant's statements if they conflict with her activities

18 even where those activities suggest some difficulty in functioning).

19 >   Ms. Vasilkiv opined extreme limitations that would make almost any sustained activity

20 impractical, indicating that plaintiff would need to stand or sit every few minutes, would need to

21 elevate her legs for half of any day, was debilitated from concentrating by pain, and would need

22 to take numerous, lengthy, unscheduled breaks throughout the day. It was neither irrational nor

23 unreasonable for the ALJ to have determined that Ms. Vasilkiv's conclusions were contradicted

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 4

by relatively benign findings such as plaintiff having only mild pain with motion with respect to her lumbar spine, as well as a normal gait and a normal inspection and normal range of motion for her cervical spine, thoracic spine, shoulder, elbows, and hands. *See, e.g.*., Tr. 984. Similarly, it was not unreasonable for the ALJ to have determined that the dire prognosis opined by Ms. Vasilkiv was at odds with plaintiff's testimony about caring for her two-year old granddaughter from 7:00 a.m. to 4:30 p.m. three days per week, which involved sitting and reading stories, doing shapes and colors, watching cartoons, providing her lunch, reminding her every hour to use the restroom, and occasionally taking her to the store. Tr. 77–78. It was also not unreasonable for the ALJ to discount Ms. Vasilkiv's conclusions based on plaintiff's own account of attending school again. *See, e.g.*, Tr. 1493. Although plaintiff contends that the ALJ has cherrypicked only aspects of the record that undermine the severity of the symptoms, she presents at best an alternative explanation of the record that does not negate the ALJ's reconciliation of conflicting evidence.

The Court finds that plaintiff has failed to demonstrate that the ALJ harmfully erred as a matter of fact or of law by discounting the opinion of nurse practitioner Ms. Vasilkiv.

## 2. **VE's Job Numbers Testimony**

Plaintiff contends that the ALJ's step five findings are unsupported by substantial evidence because the VE provided erroneous job numbers. The Court finds that plaintiff cannot demonstrate harmful error because even if plaintiff's factual contentions are taken as true there has been no reasonable challenge to the ALJ's reliance on plaintiff's ability to perform the job of Housekeeper, Cleaner, the 220,000 jobs for which constitute significant numbers in the national economy.

1    The ALJ cited three jobs existing in significant numbers in the national economy that

2    plaintiff could perform: Sorter of Agricultural Products, DOT 529.687-186; Assembler of Small

3    Products I, DOT 706.684-022; and Housekeeper, Cleaner, DOT 323.687-014. Tr. 64. Plaintiff

4    submitted rebuttal evidence to the Appeals Council that the position of Sorter of Agricultural

5    Products has only 4,808 jobs, not the 34,000 jobs cited by the VE at plaintiff's hearing. Dkt. 14,

6    at 8 (citing Tr. 34, 97). Plaintiff argues that this evidence shows that the ALJ's reliance on the

7    job numbers for Sorter of Agricultural Products was erroneous. Dkt. 14, at 8–9. Plaintiff also

8    argues that the ALJ could not rely upon the 16,000 jobs of Assembler of Small Products because

9    the VE noted that the job required a reasoning level of two, meaning the ability to perform

10   "detailed" tasks, which conflicts with plaintiff's RFC limitation to simple, routine, repetitive

11   tasks. Dkt. 14, at 9–10. Plaintiff acknowledges that she does not challenge the job numbers or the

12   suitability of a person with plaintiff's assessed RFC to perform the job of Housekeeper, Cleaner.

13   Dkt. 18, at 2–4. Rather, plaintiff argues that if some of the VE's testimony was erroneous then

14   none of it should be credited. The Court does not agree with plaintiff's attempt to turn harmless

15   error into de facto structural error.

16   Plaintiff does not and cannot indicate any error in relying upon the VE's testimony about

17   the job of Housekeeper, Cleaner having 220,000 positions in the national economy. Even

18   presuming error with respect to the VE's testimony about the other two jobs, this means that any

19   error committed by the ALJ was harmless as it is inconsequential to the ultimate determination

20   that plaintiff could perform work existing in significant numbers in the national economy. *See,*

21   *e.g.*, *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2017); *Lisa P. v. Commissioner of*

22   *Soc. Sec.*, 2024 WL 619737, at *7 (W.D. Wash. Feb. 14, 2024). The Court finds that plaintiff has

23   failed to demonstrate harmful error in the ALJ's reliance on the VE's testimony.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 6

1

## CONCLUSION

2          For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is

3     **DISMISSED** with prejudice.

4          DATED this 21st day of June, 2024.

5

6
                                        _____
                                        BRIAN A. TSUCHIDA
7                                       United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 7